# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, RODRIGUEZ, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 HUNTER I. CAMPBELL**
**United States Army, Appellant**

ARMY 20180107

Headquarters, U.S. Army Aviation Center of Excellence
Richard J. Henry, Military Judge
Lieutenant Colonel Larry A. Babin, Staff Judge Advocate

For Appellant: Major Jack D. Einhorn, JA; Captain Roman W. Griffith, JA.

For Appellee: Pursuant to A.C.C.A. Rule 15.4, no response filed.

3 September 2020

-----------------------------------------------------------------
SUMMARY DISPOSITION ON FURTHER REVIEW
-----------------------------------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

Per Curiam:

On 6 March 2020, we held the military judge erred in admitting the entire three-page written statement made by the victim of a sexual assault to the Army Criminal Investigation Command as a prior consistent statement under Military Rule of Evidence 801(d)(1)(B)(ii), thereby prejudicing appellant's substantial rights. As a result, we set aside appellant's convictions for abusive sexual contact and sexual assault, in violation of Article 120, Uniform Code of Military Justice [UCMJ], 10 U.S.C. § 920; affirmed the guilty finding of one specification of wrongful use of a controlled substance, to which appellant pleaded guilty; set aside the sentence; and remanded with explicit options for the convening authority. The convening authority was permitted to "1) order a rehearing on Charge I and its specifications (the set aside Article 120, UCMJ offenses) and the sentence; or 2) dismiss Charge I and its specifications and order a rehearing on the sentence only." *United States v. Campbell*, ARMY 20180107, 2020 CCA LEXIS 74 (Army Ct. Crim. App. 6 March 2020).

CAMPBELL—ARMY 20180107

In consonance with victim's wishes not to testify further at any retrial, the convening authority prudently found a rehearing on the Article 120 offenses to be impractical, and dismissed Charge I and its Specifications. Such action was one of the options specified by this court. However, based on the staff judge advocate's faulty advice, the convening authority then proceeded to determine a sentence rehearing to be impractical and approved a sentence of "no punishment" for appellant's Article 112a, UCMJ, conviction.

Rule for Court-Martial [R.C.M] 1107(e)(2)(B)(iii) is crystal clear:

> (iii) *Sentence reassessment.* *If a superior competent authority* has approved some of the findings of guilty and has authorized a rehearing as to other offenses and the sentence, the convening authority may, *unless otherwise directed*, reassess the sentence based on the approved findings of guilty and dismiss the remaining charges. Reassessment is appropriate only where the convening authority determines that the accused's sentence would have been at least of a certain magnitude had the prejudicial error not been committed and the reassessed sentence is appropriate in relation to the affirmed findings of guilty.

*Manual for Courts-Martial, United States (2016 ed.)* (emphasis added).

The "superior competent authority," in this case, the U.S. Army Court of Criminal Appeals, approved the findings related to appellant's Article 112a conviction, and "directed" a sentence rehearing in both options provided to the convening authority. If the convening authority felt a sentence rehearing was impractical, he could have returned the case to this court and sought further "direction." Instead, on the recommendation of his staff judge advocate, the convening authority ignored our "direction" and chose a different path. This was error.

**CONCLUSION**

The findings of Guilty previously affirmed in our 6 March 2020 opinion are again AFFIRMED. A sentence of no punishment is AFFIRMED. The Fort Rucker staff judge advocate is directed to produce a court-martial order reflecting these proceedings.

2

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court